IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60090
Summary Calendar
_____


RUBINA SARWAT; FATIMA SARWAT Mirza;
NAILA SARWAT Mirza; AMAL SARWAT Mirza;
WAJAHAT SARWAT Mirza; SARWAT KAZIM Mirza,

                                        Petitioners,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

                - - - - - - - - - -
         Petition for Review of an Order of the
              Board of Immigration Appeals
                A73 717 891, A73 118 216
                A73 118 217, A73 118 218
                A73 118 219, A73 118 220
                - - - - - - - - - -

                  January 27, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Sarwat Kazim Mirza, Rubina Sarwat, and the couple's four

children applied for asylum with the Immigration and

Naturalization Service (INS).  The INS denied asylum and issued

show-cause orders against Mirza, Rubina Sarwat, and the four

children.  Following a hearing, the Immigration Judge (IJ) denied

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the request for asylum and withholding of deportation and allowed

the Mirza family to depart voluntarily.  Mirza appealed to the

Board of Immigration Appeals (BIA).  The BIA dismissed Mirza's

appeal on January 26, 1998.

Mirza argues that the BIA abused its discretion in not

finding that there was substantial evidence to support his claim

for asylum.  Specifically, Mirza asserts that the BIA did not

give adequate consideration to the testimony of designated

expert, Professor Murray J. Leaf.  This court will uphold the

BIA's factual findings if they are supported by substantial

evidence.  Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. at 1994).

The substantial-evidence standard requires only that the BIA's

conclusion be based on the evidence and be substantially

reasonable.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir.

at 1996).  The petitioner has the burden of showing that his

evidence was "`so compelling that no reasonable factfinder could

fail to find the requisite fear of persecution.'"  Jukic v. INS,

40 F.3d 747, 749 (5th Cir. 1994) (quoting INS v. Elias-Zacarias,

502 U.S. 478, 483-84 (1992)).  The BIA's "opinion must reflect

that it heard and thought and not merely reacted."  Opie v. INS,

66 F.3d 737, 740 (5th Cir. 1995) (quotation and citation

omitted).

In support of his application for asylum, Mirza submitted a

statement from Murray J. Leaf, Ph.D., a Professor of Anthropology

and Political Economy in the School of Social Sciences,

University of Texas at Dallas.  In denying asylum, the IJ stated

that he did not "think that [Mirza]'s in any more danger in Pakistan than anybody else over there." The IJ concluded that Mirza had not met his statutory burden of proof on any of the five enumerated grounds for asylum. The IJ did not specifically mention the statement of Dr. Leaf in announcing his decision, but did discuss all of Mirza's allegations at length. The Mirzas specifically raised the issue of Dr. Leaf's statement to on appeal to the BIA. The BIA characterized this statement as background information and found that it was not dispositive considering the lack of evidence to support the claim for asylum. The BIA also considered and approved of the IJ's conclusions that Mirza had not shown that the traffic accident was an attempt on his life, Mirza had not shown that the attack at the mosque was direct at him personally, and that Mirza's allegations of the telephone threats were not credible. Mirza has not presented a case which is so compelling as to allow this court to overturn the decision of the BIA. See Jukic, 40 F.3d at 749.

To be eligible for withholding of deportation, an alien "must demonstrate a clear probability of persecution upon return." Faddoul, 37 F.3d at 188 (internal quotations and citation omitted). This standard requires a "higher objective likelihood of persecution than the well-founded fear standard" for asylum. Id. (internal quotations omitted). Because Mirza has not shown that he can prevail in connection with the lesser "well-founded fear of persecution" standard, he cannot prevail through the higher "clear probability of persecution" standard

applicable to withholding of deportation.  <u>Id.</u> at 190 n.7; <u>Jukic</u>,

40 F.3d at 749-50.

PETITION FOR REVIEW DENIED.